UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ICICI BANK UK PLC,

                Plaintiff,

      vs.

CARGILL, INCORPORATED and CARGILL
FINANCIAL SERVICES INTERNATIONAL INC.,

                Defendants.

-----------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:___8/17/2015___

Case No. 15-5379 (VEC)

[PROPOSED] CIVIL CASE
MANAGEMENT PLAN AND
SCHEDULING ORDER

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. The parties do not consent to conducting all further proceedings before a United States Magistrate Judge. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. Except for amendment permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed no later than October 5, 2015.

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than September 17, 2015.

4. Discovery

    a. All fact discovery shall be completed no later than January 15, 2016.

    b. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than February 18, 2016.

    c. In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to

      schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

5. Counsel for the parties do not believe that alternative dispute resolution mechanisms will be helpful in resolving this case.

6. This case is not to be tried to a jury.

7. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    a. Pursuant to Rule 26(f)(3)(A), initial disclosures should be served pursuant to Paragraph 3 above and should include the information required by Rule 26(a)(1)(a)(i)-(iv);

    b. Pursuant to Rule 26(f)(3)(B), discovery is necessary on both of Plaintiff's claims and Defendants' defenses and should be completed within the time periods set forth in Paragraphs 4(a) and (b) above;

    c. Pursuant to Rule 26(f)(3)(C), electronically stored information shall be produced in an appropriately searchable format;

    d. Pursuant to Rule 26(f)(3)(D), the parties shall submit to the Court a proposed protective order with twenty-one (21) days from the date of this order and such proposed protective order shall include a clawback provision governing the assertion of privilege over previously produced documents or information;

    e. Pursuant to Rule 26(f)(3)(E), no limitations upon discovery are imposed unless otherwise set forth in this order

8. This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

9. The next pretrial conference is scheduled for ~~February 19, 2016~~ January 22, 2016 [handwritten correction: January 8, 2016] at 10:00 a.m. in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

    By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

2

a. a statement of all existing deadlines, due dates, and/or cut-off dates;

b. a brief description of any outstanding motions;

c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

g. any other issue that the parties would like to address at the pretrial conference; and

h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:

SULLIVAN & WORCESTER LLP

By: _____
Michael T. Sullivan
(msullivan@sandw.com)
Clark A. Freeman
(cfreeman@sandw.com)
1633 Broadway, 32nd Floor
New York, New York 10019
Tel: (212) 660-3000
Fax: (212) 660-3001

*Counsel for Plaintiff*

SIDLEY AUSTIN LLP

By: _____
Steven M. Bierman
(sbierman@sidley.com)
Marissa Alter Nelson
(malternelson@sidley.com)
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

*Counsel for Defendants*

IT IS SO ORDERED:

_____
Hon. Valerie Caproni
United States District Judge

Dated: 8/14/15
New York, New York