UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
ICICI BANK UK PLC,                              :   Case No. 15-5379 (VEC)
                                                :
                Plaintiff,                      :
                                                :   **ANSWER**
        vs.                                     :
                                                :
CARGILL, INCORPORATED and CARGILL               :
FINANCIAL SERVICES INTERNATIONAL,               :
INC.,                                           :
                                                :
                Defendants.                     :
-------------------------------------------------------------X

      Defendants Cargill, Incorporated ("Cargill") and Cargill Financial Services International, Inc. ("CFSI," together with Cargill, "Defendants"), by and through their undersigned counsel, for their Answer to the Complaint, state as follows:

      1.    State that the allegations set forth in Paragraph 1 of the Complaint assert legal conclusions for which no response is required, but to the extent that a response is required, deny the allegations set forth in Paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action on the basis set forth therein.

      2.    State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 2 of the Complaint, except admit, upon information and belief, that Mercator Lines (Singapore) Ltd. ("Mercator") has not made certain payments on accounts listed by The Receivables Exchange, LLC ("TRE") in auction numbers 30410 and 30530.

      3.    State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of the Complaint.

4.      Admit the allegation set forth in Paragraph 4 of the Complaint that Cargill is incorporated under the laws of Delaware, deny that Cargill maintains its principal place of business in Minneapolis, Minnesota, and state that Cargill maintains its principal place of business at 15407 McGinty Road West, Wayzata, Minnesota.

5.      Admit the allegation set forth in Paragraph 5 of the Complaint that CFSI is incorporated under the laws of Delaware, deny that CFSI maintains its principal place of business in Minneapolis, Minnesota, and state that CFSI maintains its principal place of business at 9350 Excelsior Boulevard, Hopkins, Minnesota.

6.      State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 of the Complaint.

7.      State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.      State that the allegations set forth in Paragraph 8 of the Complaint assert legal conclusions for which no response is required, but to the extent that an answer is required, state that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      State that the allegations set forth in Paragraph 9 of the Complaint assert legal conclusions for which no response is required, but to the extent that an answer is required, state that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 of the Complaint, except admit that Section 16.11.2 of the "Corporate Seller Program Agreement Effective as of November 8, 2012 By and Between Cargill, Incorporated, Cargill Financial Services International, Inc. and The Receivables Exchange, LLC," as amended by "Amendment No. 1 to the Corporate Seller Program

Agreement" on November 8, 2012, (the "Corporate Seller Program Agreement"), state that "any legal action or proceeding by or against a Party with respect to or arising out of this Agreement or any Corporate Receivables Program Transaction shall be brought in the courts of the State of New York in the borough of Manhattan, or of the United States of America in the Southern District of New York."

10. State that the allegations set forth in Paragraph 10 of the Complaint assert legal conclusions for which no response is required, but to the extent that an answer is required, state that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 of the Complaint, except admit that Section 16.11.2 of the Corporate Seller Program Agreement states that "any legal action or proceeding by or against a Party with respect to or arising out of this Agreement or any Corporate Receivables Program Transaction shall be brought in the courts of the State of New York in the borough of Manhattan, or of the United States of America in the Southern District of New York."

11. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 of the Complaint, except to state that the terms of the program to which Plaintiff appears to refer are set forth in the Corporate Seller Program Agreement and respectfully refer the Court to the Corporate Seller Program Agreement for its true and accurate contents.

14. Admit the allegation set forth in the first sentence of Paragraph 14 of the Complaint, except state for clarification that the Corporate Seller Program Agreement was amended on November 8, 2012. State that the defined term "Seller Agreement" set forth in the second sentence of Paragraph 14 is Plaintiff's definition. Admit the allegation set forth in the third sentence of Paragraph 14 of the Complaint.

15. Deny the allegation set forth in Paragraph 15 of the Complaint and respectfully refer the Court to the Corporate Seller Program Agreement for its true and accurate contents.

16. Deny the allegation set forth in Paragraph 16 of the Complaint and respectfully refer the Court to the Corporate Seller Program Agreement for its true and accurate contents.

17. Admit that Plaintiff quotes language from Exhibit 1 to the Corporate Seller Program Agreement, but state that the full quotation of the relevant language is "'Receivable' means Seller's accounts, contract rights, general intangibles, payment intangibles, chattel paper, instruments, and all other forms of payment obligations originally owing to Seller, in each case arising out of the sale of goods or the rendering of services by Seller," deny the allegations in Paragraph 17 of the Complaint as they relate to Plaintiff's characterization of the language in the Corporate Seller Program Agreement, and respectfully refer the Court to the Corporate Seller Program Agreement for its true and accurate contents.

18. Admit that Plaintiff purports to cite to the Corporate Seller Program Agreement, but state that the language contained in Paragraph 18 is an improper quotation from the Corporate Seller Program Agreement, deny the allegations in Paragraph 18 of the Complaint as they relate to Plaintiff's characterization of the language in the Corporate Seller Program Agreement, and respectfully refer the Court to the Corporate Seller Program Agreement for its true and accurate contents.

19. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 21 of the Complaint.

22. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 of the Complaint.

23. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first and third sentences of Paragraph 24 of the Complaint. Deny the second sentence of Paragraph 24 of the Complaint, and respectfully refer the Court to the Corporate Program Seller Agreement for its true and accurate contents.

25. Deny the allegations set forth in Paragraph 25 of the Complaint.

26. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 of the Complaint.

29. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 29 of the Complaint, except admit that TRE remitted certain funds to CFSI related to auction numbers 30530, 30410, and 30711.

30. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 31 of the Complaint, except admit that upon information and belief, Mercator defaulted on certain payment obligations on the accounts listed by TRE in auction numbers 30410 and 30530 and that Mercator is currently undergoing a restructuring due to its inability to pay its debts.

32. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Deny the allegations set forth in Paragraph 34 of the Complaint.

35. Deny the allegations set forth in Paragraph 35 of the Complaint.

36. Deny the allegations set forth in Paragraph 36 of the Complaint.

37. Deny the allegations set forth in Paragraph 37 of the Complaint.

38. Deny the allegations set forth in the first sentence of Paragraph 38 of the Complaint, and state that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in sentences two, three, and four of Paragraph 38 of the Complaint.

39. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 of the Complaint.

40. Deny the allegations set forth in Paragraph 40 of the Complaint, except admit that TRE demanded that Defendants repurchase three Traded Receivables, as defined in the Seller Agreement, relating to TRE auction numbers 30530, 30410, and 30711, and that Defendants have not repurchased the referenced receivables.

41. For their response to Paragraph 41, Defendants repeat and reallege their responses set forth in Paragraphs 1 through 40 of this Answer as if fully set forth herein.

42. Admit that that the Corporate Seller Program Agreement contains the language quoted in Paragraph 42 of the Complaint, however, deny the allegation in Paragraph 42 of the Complaint as it relates to Plaintiff's characterization of the language in the Corporate Seller Program Agreement, and respectfully refer the Court to the Corporate Seller Program Agreement for its true and accurate contents.

43. Admit that that the Corporate Seller Program Agreement contains the language quoted in Paragraphs 43(d), (e), and (f) of the Complaint; however, clarify that the language quoted in Paragraph 43(e) of the Complaint is contained in Section 10.1.7 and not Section 10.16, state that the language contained in Paragraph 43(c) is an improper quotation from the Corporate Seller Program Agreement, deny the allegations in Paragraph 43 of the Complaint as they relate to Plaintiff's characterization of the language in the Corporate Seller Program Agreement, and respectfully refer the Court to the Corporate Seller Program Agreement for its true and accurate contents.

44. Deny the allegations set forth in Paragraph 44 of the Complaint.

45. Deny the allegation set forth in the first sentence of Paragraph 45 of the Complaint, and state that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in sentences two and three of Paragraph 45 of the Complaint.

46. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 46 of the Complaint.

47. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47 of the Complaint.

48. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 48 of the Complaint.

49. State that they lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 49 of the Complaint, except state that TRE demanded that Defendants repurchase three Traded Receivables, as defined in the Seller Agreement, relating to TRE auction numbers 30530, 30410, and 30711.

50. Deny the allegations set forth in Paragraph 50 of the Complaint.

51. Deny the allegations set forth in Paragraph 51 of the Complaint.

52. For their response to Paragraph 52, Defendants repeat and reallege their responses set forth in Paragraphs 1 through 51 of this Answer as if fully set forth herein.

53. Deny the allegation set forth in Paragraph 53 of the Complaint and respectfully refer the Court to the Corporate Seller Program Agreement for its true and accurate contents.

54. Deny the allegations set forth in Paragraph 54 of the Complaint.

55. Deny the allegations set forth in Paragraph 55 of the Complaint.

56. Deny the allegations set forth in Paragraph 56 of the Complaint.

57. Deny the allegations set forth in Paragraph 57 of the Complaint.

58. Deny the allegations set forth in Paragraph 58 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

59. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

60. Plaintiff's claims are barred in whole or in part by the terms of the Seller Agreement.

### THIRD DEFENSE

61. Plaintiff's claims are barred, in whole or in part, because its claimed damages were not legally or proximately caused by any acts or omissions of Defendants, and/or were caused, if at all, by the conduct of Plaintiff or third parties, including, but not limited to, TRE, or by intervening or supervening conduct that was out of the control of Defendants.

### FOURTH DEFENSE

62. This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

### FIFTH DEFENSE

63, Plaintiff's claims, and/or the relief that Plaintiff seeks, are barred, in whole or in part, by the doctrine of laches.

### SIXTH DEFENSE

64. Plaintiff's claims, and/or the relief that Plaintiff seeks, are barred, in whole or in part, by the doctrines of equitable estoppel and/or waiver.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court grant judgment in their favor and against Plaintiff on all claims asserted against them in the Complaint and dismiss the Complaint in its entirety with prejudice, award Defendants their attorney's fees and costs of this action, and grant Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 24, 2015

                                          Respectfully submitted,

                                        By: /s/ Steven M. Bierman

                                            Steven M. Bierman
                                            sbierman@sidley.com
                                            Marissa Alter-Nelson
                                            malternelson@sidley.com
                                            SIDLEY AUSTIN LLP
                                            787 Seventh Avenue
                                            New York, New York 10019
                                            Tel.: (212) 839-5300
                                            Fax: (212) 839-5599

                                          *Counsel for Defendants Cargill, Incorporated and Cargill Financial Services International, Inc.*