UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ICICI BANK UK PLC,

                    Plaintiff,

        vs.

CARGILL, INCORPORATED and CARGILL
FINANCIAL SERVICES INTERNATIONAL,
INC.,

                    Defendants.

CARGILL, INCORPORATED and CARGILL
FINANCIAL SERVICES INTERNATIONAL,
INC.,

                    Third-Party Plaintiffs,

        vs.

THE RECEIVABLES EXCHANGE, LLC,

                  Third-Party Defendant.
------------------------------------------------------------X

No. 15-5379 (VEC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2015

## STIPULATED ~~~~~~~~, PROTECTIVE ORDER
## REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND
## INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

ICICI Bank UK plc ("ICICI UK"), Cargill, Incorporated ("Cargill"), Cargill Financial Services International, Inc. ("CFSI"), and The Receivables Exchange, LLC (collectively, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree to the following Stipulation and (Proposed) Protective Order (the "Protective Order"):

WHEREAS, the Parties anticipate that discovery in the above-captioned proceedings may involve the disclosure of certain information that the Parties believe to be of a non-public,

confidential and sensitive nature, including but not limited to commercial, financial and/or business information, information affecting individual privacy interests, or other confidential information; and

WHEREAS, the Parties desire to protect the confidentiality of certain documents and information and seek to ensure that, except as expressly provided for herein, restricted Confidential Discovery Material, described below, be kept confidential, used only for the purpose of these proceedings, and shall not be disclosed or used in any other way;

NOW, THEREFORE, it is stipulated and ordered that any person subject to this Protective Order – including without limitation the Parties, their representatives, agents, experts, and consultants, all third parties providing discovery in these proceedings, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms, upon pain of contempt:

1. This Protective Order applies to all "Discovery Material," i.e., information of any kind provided in the course of discovery in these proceedings, except to the extent such information has been previously disclosed, is obtained lawfully other than through these proceedings, or is in the public domain.

2. Persons subject to this Protective Order shall use Discovery Material received from any other person subject to this Protective Order (the "Producing Party") only in connection with these Proceedings, except as otherwise required by law.

3. A Producing Party may designate Discovery Material, or any portion thereof, as confidential ("Confidential Discovery Material") to the extent such Discovery Material contains:

    a. financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    b. material relating to ownership or control of any non-public company;

    c. business plans, product development information, marketing plans, or proprietary business information;

    d. any information relating to client, counter-party or business relationships outside the scope of the relationship between the Parties to these proceedings;

    e. the name or information relating to any actual or potential counter-party to any receivables except the (Mercator Lines Singapore) Ltd. receivables at issue in these proceedings;

    f. any information of a personal or intimate nature regarding any individual; or

    g. any other category of information hereinafter given confidential status by the Court.

4. Any compilation, notes, copy, electronic images, or database containing information obtained from Confidential Discovery Material shall be subject to the terms of this Protective Order to the same extent as the Confidential Discovery Material from which such compilation, notes, electronic image, or database is made or derived.

5. To the extent a Producing Party elects to designate Discovery Material or any part thereof as Confidential Discovery Material:

    a. Other than with respect to deposition transcripts and exhibits, the Producing Party shall stamp or otherwise clearly mark relevant part of the Discovery Material as "Confidential" in a manner that does not interfere with legibility or audibility.

    b. With respect to deposition transcripts and exhibits, the Producing Party or that person's counsel may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Discovery Material Governed by Protective Order" by the reporter.

6. Recipients shall not further disclose Confidential Discovery Material except as provided herein.

7. If at any time prior to the trial of these proceedings, a Producing Party realizes that portion[s] of Discovery Material that the Producing Party previously produced without limitation should be designated as Confidential Discovery Material, the Producing Party may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential Discovery Material under the terms of this Protective Order.

8. No person subject to this Protective Order other than the Producing Party shall disclose Confidential Discovery Material to any other person, except to:

    a. personnel of the parties to these proceedings (including their affiliates) actually engaged in assisting in the prosecution or defense of these actions; counsel retained specifically for these proceedings, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    b. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    c. any person who counsel for a party in good faith believes may be called to testify at trial or deposition in these proceedings or may have information relevant to a

claim or defense asserted herein, or any witness who is called to testify at a trial or deposition in these proceedings, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

d. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with these proceedings, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. litigation support service vendors and copy services, data entry, and computer support services retained by counsel in connection with these proceedings, provided that any retained vendors or service providers are informed that all information must be kept confidential;

f. stenographers engaged to transcribe depositions conducted in these proceedings; and

g. the Court and its support personnel.

9. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraph 8.c, 8.d, or 8.f above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of these actions serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling. Pending such a ruling, the parties receiving Discovery Material for which enhanced confidential treatment is requested shall treat such material as if such treatment had been granted, provided the party seeking enhanced treatment has promptly sought to convene the joint telephone call with the Court.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document

submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. If a Party is served with a subpoena or other compulsory process that seeks production or disclosure of Discovery Material, including that which is designated Confidential Discovery Material, then prior to compliance, to the extent practicable and permitted by law, the receiving party shall give prompt written notice thereof to the producing party, including a copy of the subpoena or other compulsory process.

15. All depositions shall presumptively be treated as Confidential Discovery Material during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen-day period, any Party may designate the deposition or pages thereof, as Confidential Discovery Material.

16. Any Confidential Discovery Material that has been inadvertently produced without identification as to its Confidential nature may be so designated by the person asserting the confidentiality of the Discovery Material by written notice to the undersigned counsel for the Receiving Party. The production or disclosure of Confidential Discovery Material shall not constitute a waiver of any party's right to object to the production or disclosure of other information in these proceedings or in any other action.

17. If, in connection with these proceedings, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work-product protection ("Inadvertently

Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18. If a Producing Party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. The costs of returning or destroying all copies of Inadvertently Disclosed Information shall be borne by the Producing Party.

19. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20. If a receiving party reasonably believes it has received Inadvertently Disclosed Information from a producing party, the receiving party shall promptly notify the Producing Party and identify the potential Inadvertently Disclosed Information and shall prevent review or use of the information pending notification from the Producing Party regarding whether it claims privilege or protection for the information so identified.

21. The receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

22. The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Protective Order shall limit

the right of any party to request an in camera review of the Inadvertently Disclosed Information.

23. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of these proceedings, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except that counsel for each Party may maintain in its files copies of each pleading and litigation document filed with the Court, each written discovery request and response thereto, deposition transcripts and exhibits, and copies of the documents filed with the Court that contain Confidential Discovery Material. Further, no Party is obligated to return or destroy attorney work product or attorney-client communications that contain or reflect Confidential Discovery Material.

24. Any parties that may be joined, in these proceedings, shall not have access to Confidential Discovery Material until such party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Protective Order, in the form of Exhibit A attached hereto.

25. The protections of this Protective Order shall be available to non-parties that are served with subpoenas in connection with these proceedings or who otherwise produce documents or are noticed for deposition in connection with these proceedings, provided that any such non-parties seeking to invoke the protections provided by this Protective Order shall follow the procedures set forth herein for Parties, to the extent applicable. Any party issuing a subpoena or any similar form of legal process to a non-party shall

enclose a copy of this Protective Order and notify the non-party that the protections of this Protective Order are available to such non-party.

26. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto that is satisfactory to all parties, and any violation of the terms of this Protective Order before it is entered by the Court shall be subject to the same sanctions and penalties as if the Protective Order had already been entered by the Court. Nothing in this Stipulation and Protective Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

27. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:

By: *[signature]*
Michael T. Sullivan
(msullivan@sandw.com)
Clark A. Freeman
(cfreeman@sandw.com)
Sullivan & Worcester
1633 Broadway, 32nd Floor
New York, New York 10019
Tel: (212) 660-3000
Fax: (212) 660-3001

*Counsel to ICICI Bank UK plc*

By: *[signature]*
Steven M. Bierman
(sbierman@sidley.com)
Marissa Alter-Nelson
(malternelson@sidley.com)
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

*Counsel to Cargill, Incorporated and Cargill Financial Services International, Inc.*

By: _____
Stuart A. Krause
skrause@zeklaw.com
Michael E. Sims
msims@zeklaw.com
Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
New York, New York 100036
Tel. (212) 223-0400
Fax (212) 753-0396

*Counsel to The Receivables Exchange, LLC*

IT IS SO ORDERED

_____
Hon. Valerie Caproni
United States District Judge

Dated: September 14, 2015

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ICICI BANK UK PLC,

                      Plaintiff,     : No. 15-5379 (VEC)

        vs.

CARGILL, INCORPORATED and CARGILL
FINANCIAL SERVICES INTERNATIONAL,
INC.,

                      Defendants.

_____

CARGILL, INCORPORATED and CARGILL
FINANCIAL SERVICES INTERNATIONAL,
INC.,

                    Third-Party Plaintiffs,

        vs.

THE RECEIVABLES EXCHANGE, LLC,

                  Third-Party Defendant.
-----------------------------------------------------------X

**AGREEMENT WITH RESPECT TO CONFIDENTIALITY OF DISCOVERY
MATERIAL AND INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

        I,_____, acknowledge that I have read and understand the Protective Order in these proceedings governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or

attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

_____