UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                      :

ICICI BANK UK PLC,                       :   No. 15-5379 (VEC)
                                        :

                  Plaintiff,      :   **Oral Argument Requested**
                                        :

           vs.                        :
                                        :

CARGILL, INCORPORATED and CARGILL    :
FINANCIAL SERVICES INTERNATIONAL,    :
INC.,                                   :
                                        :

                Defendants.     :
                                        :

----------------------------------------------------------------
                                        :

CARGILL, INCORPORATED and CARGILL    :
FINANCIAL SERVICES INTERNATIONAL,    :
INC.,                                   :
                                        :

            Third-Party Plaintiffs, :
                                        :

           vs.                        :
                                        :

THE RECEIVABLES EXCHANGE, LLC,    :
                                        :

           Third-Party Defendant. :

----------------------------------------------------------------X


**MEMORANDUM OF LAW OF DEFENDANTS CARGILL, INCORPORATED AND
CARGILL FINANCIAL SERVICES INTERNATIONAL, INC. IN OPPOSITION TO
<u>THE  PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

                                                  SIDLEY AUSTIN LLP
                                                  Steven M. Bierman
                                                  sbierman@sidley.com
                                                  Marissa Alter-Nelson
                                                  malternelson@sidley.com
                                                  787 Seventh Avenue
                                                  New York, New York 10019
                                                    Telephone:  (212) 839-5300
                                                    Facsimile:  (212) 839-5599

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ....................................................................................................................... 2

    I.      LEGAL STANDARD ................................................................................... 2

    II.    ICICI UK'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD A FRAUD CLAIM SHOULD BE DENIED .......................................................... 3

        A.    ICICI UK's Proposed Fraud Claim is Duplicative of its Breach of Contract Claim and Therefore Would Not Withstand a Motion to Dismiss ............ 3

        B.    ICICI UK's Proposed Fraud Claim does Not Meet the Strict Pleading Requirements of FRCP Rule 9(b) and Therefore Would Not Withstand a Motion to Dismiss ..................................................................................... 5

    III.   ICICI UK'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD A NEGLIGENT MISREPRESENTATION CLAIM SHOULD BE DENIED ...... 7

        A.    ICICI UK's Proposed Negligent Misrepresentation Claim is Duplicative of Its Breach of Contract Claim and Therefore Would Not Withstand a Motion to Dismiss ..................................................................................... 8

        B.    ICICI UK's Proposed Negligent Misrepresentation Claim does Not Meet the Strict Pleading Requirements of 9(b) and Therefore Would Not Withstand a Motion to Dismiss ..................................................................... 8

        C.    ICICI UK's Proposed Negligent Misrepresentation Claim Does Not Plead a Special Relationship and Therefore Would Not Withstand a Motion to Dismiss ....................................................................................................... 9

CONCLUSION .................................................................................................................. 13

**TABLE OF AUTHORITIES**

**Cases**                                                   **Page(s)**

*Abu Dhabi Comm. Bank v. Morgan Stanley & Co. Inc.*,
No. 08-7508, 2013 WL 837536 (S.D.N.Y. Mar. 6, 2013)........11

*Accusystems, Inc. v. Honeywell Info. Sys., Inc.*,
580 F. Supp. 474 (S.D.N.Y. 1984) ........9

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*,
404 F.3d 566 (2d Cir. 2005)........8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........7, 9

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*,
98 F.3d 13 (2d Cir. 1996)........4

*Carrion v. City of N.Y.*,
No. 01-2255, 2002 WL 31107747 (S.D.N.Y. Sept. 23, 2002) ........2

*CIFG Assur. N. Am., Inc. v. Bank of Am., N.A.*,
980 N.Y.S.2d 275, 41 Misc. 3d 1203(A), (N.Y. Sup. Ct., N.Y. Cnty. 2013)........11

*Clark–Fitzpatrick, Inc. v. Long Island R.*
R., 70 N.Y.2d 382 (1987) ........5

*Conn. Nat'l Bank v. Fluor Corp.*,
808 F.2d 957 (2d Cir. 1987)........6

*Deutsche Zentral-Genossenchaftsbank AG v. HSBC N. Am. Holdings, Inc.*,
No. 12-4025, 2013 WL 6667601 (S.D.N.Y. Dec. 17, 2013 ........11

*Draskicevic v. Entersport Mgmt. Inc.*,
No. 03-8447, 2004 WL 1575393 (S.D.N.Y. July 15, 2004)........3, 4

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
387 F. Supp. 2d 265 (S.D.N.Y. 2004)........9

*Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of N.Y.*,
375 F.3d 168 (2d Cir. 2004)........6

*Fed. Hous. Fin. Agency v.UBS Ams.*,
858 F. Supp. 2d 306 (S.D.N.Y. 2012)........11

*GoodWorldCreations LLC v. Albright*,
No. 14-3848, 2015 WL 4900246 (S.D.N.Y. Aug. 17, 2015)........3, 4

*HSH Nordbank AG v. The Goldman Sachs Group, Inc.*,
  980 N.Y.S.2d 275, 43 Misc. 3d 1225(A) (N.Y. Sup. Ct., N.Y. Cnty. 2013) ..........................12

*Hydro Investors, Inc. v. Trafalgar Power Inc.*,
  227 F.3d 8 (2d Cir. 2000)..........................................................................................................9

*Int'l Fund Mgmt. S.A. v. Citigroup Inc.*,
  822 F. Supp. 2d 368 (S.D.N.Y. 2011)....................................................................................10

*JP Morgan Chase Bank v. Winnick*,
  350 F. Supp. 2d 393 (S.D.N.Y. 2004).....................................................................................10

*Kimmell v. Schaefer*,
  89 N.Y.2d 257 (1996) ................................................................................................................9

*King County v. IKB Deutsche Industriebank AG*,
  863 F. Supp. 2d 288 (S.D.N.Y. 2012).....................................................................................10

*LaSalle Bank, N.A. v. Citicorp Real Estate Inc.*,
  No. 02-7868, 2003 WL 1461483 (S.D.N.Y. Mar. 21, 2003)......................................................8

*Matana v. Merkin*,
  989 F. Supp. 2d 313 (S.D.N.Y. 2013).......................................................................................7

*McMahan & Co. v. Bass*,
  250 A.D.2d 460 (1st Dep't 1998) ..............................................................................................8

*N.H. Ins. Co. v. Total Tool Supply, Inc.*,
  621 F. Supp. 2d 121 (S.D.N.Y. 2009).......................................................................................3

*Prudential Ins. Co. v. BMC Indus., Inc.*,
  655 F. Supp. 710 (S.D.N.Y. 1987) ...........................................................................................3

*Rikhy v. AMC Computer Corp.*,
  No. 01-7007, 2002 WL 1424596 (S.D.N.Y. July 2, 2002).........................................................7

*Shallow v. Scofield*,
  No. 11-6028, 2012 WL 4327388 (S.D.N.Y. Sept. 12, 2012) .....................................................3

*Sicari v. J.C. Penny Corp., Inc.*,
  No. 05-5392, 2005 WL 3440693 (S.D.N.Y. Dec. 14, 2005) ......................................................6

*Sofi Classic S.A. de C.V. v. Hurowitz*,
  444 F. Supp. 2d 231 (S.D.N.Y. 2006).......................................................................................5

*Wexner v. First Manhattan Co.*,
  902 F.2d 169 (2d Cir. 1990).......................................................................................................6

iii

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    401 U.S. 321 (1971).................................................................................................................2

**Other Authorities**

FRCP Rule 9(b)............................................................................................... *passim*

FRCP 12(b)(6) ....................................................................................................3, 7, 12

Defendants and Third-Party Plaintiffs Cargill, Incorporated ("Cargill") and Cargill Financial Services International, Inc. ("CFSI") respectfully submit this memorandum of law in opposition to the Motion for Leave to Amend Complaint (the "Motion") filed by Plaintiff ICICI Bank UK plc ("ICICI UK").  For the reasons stated below, the Motion should be denied.

## PRELIMINARY STATEMENT

Although leave to amend may be liberally granted as a general matter, Plaintiff concedes that leave should be denied where the amendment would be futile.  (Pl. Mem. at 2.)  Here, Plaintiff's purported new fraud and negligent misrepresentation claims demonstrably fail to state a claim because they duplicate Plaintiff's breach of contract claims in the original Complaint and are otherwise deficient.  As a matter of law, Plaintiff may not turn its garden variety breach of contract claim into a tort, and leave to amend thus should be denied.

The contract dispute between ICICI UK and Defendants is based on ICICI UK's allegation that Cargill and CFSI breached representations and warranties when they sold three receivables (the "Mercator Receivables") to ICICI UK through an online auction managed and brokered by The Receivables Exchange ("TRE"), thereby breaching the agreement governing the sale of those receivables, and then further breached that agreement by refusing to repurchase the Mercator Receivables when Mercator became insolvent.  Indeed, in its original Complaint (the "Complaint"), Plaintiff sought "to enforce its contractual right to rescind its purchase of three accounts receivable ("A/Rs") from Defendants."  Complaint ¶ 1.

Now, in its Proposed Amended Complaint ("Proposed Amended Complaint" or "PAC") (ECF No. 39-1), ICICI UK seeks to add claims for fraud and negligent misrepresentation that are nothing more than dressed-up versions of its breach of contract claim.  Even if the claims were

not duplicative, the claims are insufficiently pled in material respects.  Accordingly, the addition

of those claims to the Complaint would be futile, and leave to amend should be denied.

## FACTUAL BACKGROUND

ICICI UK filed its Complaint (ECF No. 1) on July 10, 2015, asserting two causes of

action against Cargill for breach of contract.  Cargill and CSFI filed an answer to the Complaint

(ECF No. 21) on August 24, 2015 denying that it had breached any agreement or had any

liability to ICICI UK.

On August 24, 2015, Cargill and CFSI also filed a third-party action against TRE based

on TRE's fraudulent conduct and its separate, multiple material breaches of contract.  (ECF No.

22.)  Indeed, by its Third-Party Complaint, Defendants pled that if they are found to be liable to

ICICI UK in the underlying action, then TRE is liable to them, because TRE's fraudulent

conduct and breaches of its own contractual duties are the cause of any and all of the purported

damages alleged by ICICI UK.

On October 5, 2015, ICICI UK filed a complaint against TRE based on its fraudulent

conduct and breaches of contract.  (ECF No. 36.)  On October 5, 2015, ICICI UK also filed the

instant Motion.  (ECF No. 37.)

## ARGUMENT

### I.   LEGAL STANDARD

Denial of leave to amend a pleading is within the discretion of the Court.  *See e.g., Zenith*

*Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).  It is well-established that

leave to amend a pleading may be denied where the proposed amendment will be futile, as when

"'the proposed amended complaint would be subject to 'immediate dismissal' for failure to state

a claim or on some other ground.'"  *Carrion v. City of N.Y.*, No. 01-2255, 2002 WL 31107747, at

*2 (S.D.N.Y. Sept. 23, 2002) (quoting *Jones v. New York Div. of Military & Naval Affairs*, 166

Case 1:15-cv-05379-VEC   Document 47   Filed 10/22/15   Page 8 of 18

F.3d 45, 55 (2d Cir. 1999)); *Shallow v. Scofield*, No. 11-6028, 2012 WL 4327388, at *6

(S.D.N.Y. Sept. 12, 2012) (An amendment is futile when the "'new pleading fails to state a claim

on which relief can be granted'" (quoting *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d

162, 185 (2d Cir. 2012))); *N.H. Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121, 124

(S.D.N.Y. 2009) (a proposed amendment is considered futile "if the proposed claim could not

withstand a motion to dismiss pursuant to FRCP 12(b)(6).") (quoting *Lucente v. IBM Corp.*, 310

F.3d 243, 258 (2nd Cir. 2002); *Prudential Ins. Co. v. BMC Indus., Inc.*, 655 F. Supp. 710, 711

(S.D.N.Y. 1987) ("[I]t is inappropriate to grant leave when the amendment would not survive a

motion to dismiss.").

## II.    ICICI UK'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD A FRAUD CLAIM SHOULD BE DENIED

ICICI UK's fraud claim (PAC at ¶¶ 65-74 and Prayer for Relief at ¶ C) would not

withstand a motion to dismiss pursuant to Rule 12(b)(6) or Rule 9(b), and therefore, its motion

for leave to add a proposed fraud claim should be denied.

### A.    ICICI UK's Proposed Fraud Claim is Duplicative of its Breach of Contract Claim and Therefore Would Not Withstand a Motion to Dismiss

ICICI UK's fraud claim merely recasts its breach of contract claim, and under New York

law, a claim for fraud cannot be maintained where it arises out of the same facts as a breach of

contract claim. *Draskicevic v. Entersport Mgmt. Inc.*, No. 03-8447, 2004 WL 1575393, at *1

(S.D.N.Y. July 15, 2004) ("'Under New York law, a fraud claim will not lie if it arises 'out of

the same facts as plaintiff's breach of contract claim.'" (quoting *Telecom Int'l Am., Ltd. v. AT&T

Corp.*, 280 F.3d 175, 196 (2d Cir. 2001))); *see also GoodWorldCreations LLC v. Albright*, No.

14-3848, 2015 WL 4900246, at *12 (S.D.N.Y. Aug. 17, 2015) (dismissing fraud claim where

allegation was "entirely duplicative—and, in fact, often *verbatim*—to [plaintiff's] breach of

contract claim").  Rather, parallel fraud and contract claims may <u>only</u> be brought if a plaintiff

3

alleges either: (1) the violation of a legal duty separate and apart from the contractual duty to

perform, (2) a fraudulent representation collateral or extraneous to the contract, or (3) special

damages proximately caused by the fraudulent representation that are not recoverable under the

contract measure of damages.  *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98

F.3d 13, 20 (2d Cir. 1996); *Draskicevic*, 2004 WL 1575393, at *2.

      Here, Plaintiff's fraud claim arises out of the same facts as its breach of contract claim.

*Compare* PAC ¶¶ 47-57 (First Claim for Relief (Breach of Contract) *with* PAC ¶¶ 65-74 (Third

Claim for Relief(Fraud))).  Specifically, Plaintiff alleges that Defendants committed fraud by

making certain contractual representations and warranties in the Corporate Seller Program

Agreement or in the Information Memorandum drafted by TRE in accordance with its duties

under the Corporate Seller Program Agreement.  PAC ¶¶ 66-68.  Accordingly, Plaintiff's fraud

claim is indistinguishable from its claim that Defendants breached the Corporate Seller Program

Agreement by making those exact same representations and warranties and purported statement.

PAC ¶¶ 50-51[1]; s*ee Ritchie Capital Management, LLC*, No. 07-3494, 2007 WL 2044656, at *7

(S.D.N.Y.  July 17, 2007) (granting the motion to dismiss the fraud claim as duplicative of the

breach of contract claim where it "appears to rest entirely on the subjects covered in the

representations and warranties contained in the agreements.  To the extent that there was a

misrepresentation or omission in connection with those contractual representations and

commitments, then that conduct must be pleaded as a breach of contract claim").

---

[1] In both its cause of action for breach of contract and fraud (as well as negligent misrepresentation), ICICI UK identifies the exact same six representations and warranties under Section 10.1 of the Corporate Seller Program Agreement that it claims were incorrect. (PAC ¶¶ 49, 66, 78.)  With respect to the allegation that "'Defendants also represented and warranted in the Info Memo that the 'good(sic)/service provided' as 'Bunker Fuel for Ships'" in the Proposed Amended Complaint, (PAC ¶¶ 67, 79), ICICI UK made that same allegation in its breach of contract claim, alleging that "The Account Debtor never accepted the goods, either bunker (as described in the Info Mem) or naptha … ."  Compl. ¶ 50(c).

In addition, Plaintiff's allegations do not fit within any of the three exceptions to the general rule prohibiting parallel fraud and breach of contract claims.  Indeed, Plaintiff has not alleged (1) that Defendants had a legal duty (separate and apart from their obligations under the Corporate Seller Program Agreement) to ensure that TRE provided to ICICI UK all information disclosed by Cargill and CFSI relating to the Mercator Receivables or to ensure that the representations and warranties were correct (which they were),[2] (2) any representation by Cargill or CFSI that is collateral or extraneous to the Corporate Seller Program Agreement or (3) that it is entitled to any special damages that are unrecoverable as contract damages.[3]

Accordingly, ICICI UK's motion for leave to add a cause of action for fraud should be denied because it is duplicative of its breach of contract claim and would not survive a motion to dismiss.

**B.      ICICI UK's Proposed Fraud Claim does Not Meet the Strict Pleading Requirements of FRCP Rule 9(b) and Therefore Would Not Withstand a Motion to Dismiss**

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  The Rule thus obligates a plaintiff to "'(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and

---

[2] This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract. *Clark–Fitzpatrick, Inc. v. Long Island R.*R., 70 N.Y.2d 382, 389 (1987) (affirming dismissal of claim for gross negligence where plaintiff failed to allege a violation of a duty independent of a contract).

[3] With respect to damages, while Plaintiff is seeking to amend the complaint to add punitive damages for its proposed fraud and negligent misrepresentation claims, even if Plaintiff's claims were not duplicative, Plaintiff has failed to state a claim for punitive damages because under New York law, "[t]o recover punitive damages for a tort claim that 'arises from' a related contract claim, a plaintiff must demonstrate that the alleged misconduct was aimed at the public generally and that the misconduct evinced a 'high degree of moral turpitude' such as to imply a 'criminal indifference to civil obligations.'" *Sofi Classic S.A. de C.V. v. Hurowi*tz, 444 F. Supp. 2d 231, 247 (S.D.N.Y. 2006) (citing *Rocanova  v. Equitable Life Assurance Soc'y of U.S.*, 83 N.Y.2d 603, 614 (N.Y. 1994)). Here, since no public harm is alleged, a claim for punitive damages in connection with Plaintiff's fraud or negligent misrepresentation claim would be dismissed.  *Id.*

when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent.'" *Eternity Global Master Fund Ltd*. v. *Morgan Guaranty Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir. 1996)).  In addition, in order to satisfy Rule 9(b), a plaintiff must also specifically plead facts that "'give rise to a strong inference' that the defendants had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Conn. Nat'l Bank v. Fluor Corp*., 808 F.2d 957, 962 (2d Cir. 1987) (quoting *Ross v. A.H. Robins Co.*, 607 F.2d 545, 558 (2d Cir. 1979), *cert. denied*, 446 U.S. 946 (1980)); *see also Eternity Global*, 375 F.3d at 187.  Finally, the more relaxed specificity requirement for state of mind under Rule 9(b) does not provide a "license to base claims of fraud on speculation and conclusory allegations." *Wexner v. First Manhattan Co*., 902 F.2d 169, 172 (2d Cir. 1990).  Here, Plaintiff utterly fails to make any such showing.

First, there are no allegations anywhere in the Proposed Amended Complaint that specifically allege that any Defendant took any specific action—fraudulent or otherwise—and no allegations that specifically plead the type of "who, what, why, where and when" with respect to the representations and warranties that are required by Rule 9(b).  *Eternity Global*, 375 F.3d at 187.

Second, Plaintiff has not met its burden of pleading that Defendants acted with fraudulent intent because the Proposed Amended Complaint does not contain any allegations that would support a "strong inference" that Defendants acted with fraudulent intent.  *See Sicari v. J.C. Penny Corp., Inc.*, No. 05-5392, 2005 WL 3440693, at *2 (S.D.N.Y. Dec. 14, 2005) ("[T]he plaintiff must 'provide some minimal factual basis for conclusory allegations of scienter that give rise to a strong inference' of fraudulent intent." (quoting *Powers v. British Vita, P.L.C.*, 57 F.3d 176, 184 (2d Cir. 1995))).

6

Finally, ICICI UK does not make a single new factual allegation in the Proposed Amended Complaint that would support of its fraud claim.  Instead, the only new allegations that ICICI UK makes in its Proposed Amended Complaint are formulaic recitations of the elements of a cause of action for fraud,[4] and such bare conclusions simply cannot support a fraud claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("'A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . 'Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement .'").

Because ICICI UK's fraud claim relies on purely conclusory allegations that have no factual support, it is insufficiently pled, and amendment would be futile.  Accordingly, ICICI UK's motion to amend its Complaint to add a fraud claim against Defendants should be denied.

## III.   ICICI UK'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD A NEGLIGENT MISREPRESENTATION CLAIM SHOULD BE DENIED

ICICI UK's negligent misrepresentation claim (PAC at ¶¶ 74-84 and Prayer for Relief at ¶ C) would not withstand a motion to dismiss pursuant to Rule 12(b)(6) or Rule 9(b), and therefore, its motion for leave to add a proposed negligent misrepresentation claim should be denied.

---

[4] To plead a claim for fraud, a plaintiff must show that "(1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance." *Matana v. Merkin*, 989 F. Supp. 2d 313, 324 (S.D.N.Y. 2013) (internal citation omitted).  Here, with respect to the purported representations and warranties, ICICI UK alleges (1) "that each of the above represented and warranted facts was incorrect and/or misleading for the reasons alleged above," PAC ¶ 68; (2) that each representation and warranty "was material" *id*. ¶ 69; (3) that Defendants "knew or were reckless in not knowing" that the representations and warranties were false and/or misleading and in not knowing that "TRE did not disclose the true facts underlying the A/Rs to the Bank," *id*. ¶ 71; (4) that Defendants intended that potential buyers rely on these representations and warranties, *id*. ¶ 72; and (5) that ICICI "reasonably relied on these representations and warranties," in purchasing each of the Mercator Receivables. *Id*. ¶ 73.  These meager conclusory allegations are insufficient to survive a motion to dismiss.  *See, e.g., Rikhy v. AMC Computer Corp.*, No. 01-7007, 2002 WL 1424596, at *2 (S.D.N.Y. July 2, 2002) ("Because the plaintiff's claim of fraud is wholly conclusory, amendment of the complaint to assert this cause of action is denied.").

A.      **ICICI UK's Proposed Negligent Misrepresentation Claim is Duplicative of Its Breach of Contract Claim and Therefore Would Not Withstand a Motion to Dismiss**

As an initial matter, like its fraud claim, Plaintiff's cause of action for negligent misrepresentation fails because it is duplicative of Plaintiff's breach of contract claim and it improperly attempts to transform contract duties into tort duties.  *See e.g., LaSalle Bank, N.A. v. Citicorp Real Estate Inc.*, No. 02-7868, 2003 WL 1461483, at *4 (S.D.N.Y. Mar. 21, 2003) (dismissing negligent misrepresentation claim because "[t]he misrepresentations that LaSalle points to for its claim of negligent misrepresentation are the allegedly false representations and warranties that Citicorp made at § 2.05(d)(xxv) and (xxxiv) of the PSA—the same statements it points to for its breach-of-contract" and noting "problem of invoking tort law for claims that sound in contract"); *McMahan & Co. v. Bass*, 250 A.D.2d 460, 461 (1st Dep't 1998) (dismissing negligent misrepresentation claim where "alleged tortious conduct [was] innate to the performance of the contract").  For the same reasons set forth with respect to the Plaintiff's fraud claim, leave to add a proposed negligent misrepresentation claim should be denied as futile.

B.      **ICICI UK's Proposed Negligent Misrepresentation Claim does Not Meet the Strict Pleading Requirements of 9(b) and Therefore Would Not Withstand a Motion to Dismiss**

ICICI UK's claim for negligent misrepresentation suffers the same pleading infirmities as its fraud claim.  First, the purported misrepresentations do not identify the "who, what why, where and when" allegations mandated by the particularity requirement of Federal Rule of Civil Procedure 9(b).  *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 583 (2d Cir. 2005) (A claim for negligent misrepresentation "must be pled in accordance with the specificity criteria of Rule 9(b)").  Second, ICICI UK fails to plead any allegation in the Proposed Amended Complaint that "'gives rise to a strong inference' that the defendants had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth" as required by

8

New York law.  *Id.*  Finally, its allegations are nothing more than formalistic recitations of the elements of a cause of action for negligent misrepresentation,[5] which is insufficient to survive a motion to dismiss.  *See* PAC ¶¶ 80-84; *Iqbal*, 556 U.S. at 678.  Accordingly, because Plaintiff's proposed cause of action for negligent misrepresentation would not withstand a motion to dismiss, leave to amend to add this claim should be denied.

> **C.      ICICI UK's Proposed Negligent Misrepresentation Claim Does Not Plead a Special Relationship and Therefore Would Not Withstand a Motion to Dismiss**

Plaintiff's cause of action for negligent misrepresentation also fails for the independent reason that under New York law, a claim for negligent misrepresentation requires, among other things, the existence of a special relationship between the parties that creates a duty to disclose information, *Accusystems, Inc. v. Honeywell Info. Sys., Inc.*, 580 F. Supp. 474, 480 (S.D.N.Y. 1984) ("New York courts do not recognize a cause of action for negligent misrepresentation in the absence of some special relationship of trust or confidence between the parties.")(citations omitted)) and a statement made in the context of an arms-length commercial transaction, without more, cannot give rise to such a duty.  *See Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996); *EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 281 (S.D.N.Y. 2004) (citing *Kimmell*, 652 N.Y.S.2d at 719).  Indeed, absent a specific professional relationship giving rise to a special duty of trust and confidence, such as the as attorney-client relationship, in order for a special relationship to exist, the defendant must either (1) possess "unique or specialized expertise" or (2) occupy a "special position of confidence and trust" with the injured party.  *Id.*[6]

---

[5] The elements of negligent misrepresentation are that (1) the defendant had a duty as a result of a special relationship to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the defendant knew that the plaintiff desired the information for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.  *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000).

[6] Here, the fact that there is a contract governing the parties' transaction and the purported misrepresentations were made in connection with the contractual relationships between TRE and Defendants and TRE and Plaintiff generally

Here, the Proposed Amended Complaint does not plead that Defendants possessed any "unique or specialized expertise."  Instead, ICICI UK pleads that the purported "special relationship" arises from the scenario that "the Bank was precluded from independently investigating the A/Rs [because the terms of the Buyer and Seller Agreements precluded the Bank from communicating directly with Defendants] and was instead compelled to rely on Defendants' probity and precision to a much greater degree that in a typical, directly negotiated commercial transactions," and "[a]s a result, the Bank placed its trust and confidence on Defendants to ensure that the Bank was provided with complete and accurate information respecting the A/Rs."  PAC ¶¶ 76-77.

This argument fails on its face.

First, Defendants were not and could not be "in a special position of confidence and trust with" ICICI UK, because the Mercator Receivables were sold in an auction open to <u>any</u> potential Buyer on the TRE Exchange.  Indeed, once the Mercator Receivables were placed for auction on the TRE Platform, they would have been sold to the highest bidder, and accordingly, ICICI UK was not guaranteed in any way to win the auction.  *See, e.g.*, *Int'l Fund Mgmt. S.A. v. Citigroup Inc.*, 822 F. Supp. 2d 368, 388 (S.D.N.Y. 2011) ("An ordinary business relationship [as opposed to a special relationship] is all that is present—and all that is alleged—here.  Norges Bank 'was simply one more customer that relied on the misrepresentation allegedly made by the defendants to the public when it purchased' Citigroup securities.'" (quoting *Prime Mover Capital Partners, L.P. v. Elixir Gaming Techs., Inc.*, 793 F. Supp. 2d 651, 674 (S.D.N.Y. 2011))).

---

precludes the finding of a special relationship.  Indeed, New York Courts have held that "the presence of a contract or a financial transaction that is 'in the nature of contract' can be a strong indicator that a plaintiff was not owed a legal duty separate and apart from obligations bargained for and subsumed within the transaction."  *King County v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 303 (S.D.N.Y. 2012); *see also JP Morgan Chase Bank v. Winnick*, 350 F. Supp. 2d 393, 401 (S.D.N.Y. 2004) ("[I]n commercial contexts in which a contract exists, the duty attendant to the special relationship 'must spring from circumstances extraneous to, and not constituting elements of the contract.'").

Second, Defendants did not know the identity of the Buyer, ICICI UK, until it filed the

instant lawsuit against Defendants, and therefore, had no direct contact with ICICI UK.

Accordingly, Defendants could not have been in a "special position of confidence and trust" with

respect to ICICI UK.  *See, e.g.*, *Abu Dhabi Comm. Bank v. Morgan Stanley & Co. Inc.*, No. 08-

7508, 2013 WL 837536, at *4 (S.D.N.Y. Mar. 6, 2013) (dismissing negligent representation

claim based on allegation that defendant communicated misleading information through another

company's electronic platform because under Second Circuit precedent, "a claim for negligent

misrepresentation under New York law cannot lie absent allegations of direct contact between

the plaintiff and maker of the misrepresentation") (citing *Anschutz Corp. v. Merrill Lynch & Co.*,

690 F.3d 98 (2d Cir. 2012))).

Third, ICICI UK was a sophisticated party entering into an arm's length transaction,

therefore, the mere fact that Defendants had knowledge of the underlying transactions that ICICI

UK now claims it did not have "is not sufficient to establish a 'special relationship'" as a matter

of law.  *See Fed. Hous. Fin. Agency v.UBS Ams.*, 858 F. Supp. 2d 306, 335 (S.D.N.Y. 2012)

*aff'd*, 712 F.3d 136 (2d Cir. 2013); *Deutsche Zentral-Genossenchaftsbank AG v. HSBC N. Am.*

*Holdings, Inc.*, No. 12-4025, 2013 WL 6667601, at *16 (S.D.N.Y. Dec. 17, 2013), *appeal*

*withdrawn* (May 1, 2014) (Plaintiffs failed to establish that a special relationship existed where

"[t]he parties are sophisticated and the sale of the RMBS was an arm's length transaction. The

fact that the HSBC Defendants 'had greater knowledge of the underlying loan files and the

practices of third-party due diligence providers is not sufficient to establish a 'special

relationship.'" (citing *UBS Ams.*, 858 F. Supp. 2d at 335; *CIFG Assur. N. Am., Inc. v. Bank of*

*Am., N.A.*, 980 N.Y.S.2d 275, 41 Misc. 3d 1203(A), (N.Y. Sup. Ct., N.Y. Cnty. 2013) *appeal*

*withdrawn sub nom.*, *CIFG Assur. N. Am., Inc. v. Bank of Am., N.A.*, 124 A.D.3d 516, 998

N.Y.S.2d 878 (2015) ("CIFG has failed to allege facts demonstrating that these sophisticated

commercial entities engaged in anything more than an arm's length business transaction.

Defendants['] alleged superior knowledge of their own misrepresentations is not the type of

unique or specialized expertise that would support a cause of action for negligent

misrepresentation." (citations omitted)); *HSH Nordbank AG v. The Goldman Sachs Group, Inc.*,

980 N.Y.S.2d 275, 43 Misc. 3d 1225(A) (N.Y. Sup. Ct., N.Y. Cnty. 2013) ("Goldman Sachs's

exclusive access to the underlying loan files does not constitute the type of unique or specialized

knowledge necessary to state such a claim.").

Finally, ICICI UK's position that Defendants held a "special position of confidence and

trust" because ICICI UK was prohibited from speaking directly with Cargill regarding the

transaction is a red herring.  Indeed, such a position is belied by the fact that ICICI UK could

have, at any time, requested that TRE contact Cargill or CFSI for any information it may have

sought.  Indeed, Defendants were contractually required to "use commercially reasonable efforts

to respond to reasonable questions and inquiries submitted by [TRE] on behalf of Buyers and

perspective Buyers of Posted Receivables."  Seller Program Agreement § 5.3.  Accordingly,

ICICI UK could have communicated at any time through TRE, and Defendants were

contractually bound to respond.

For any of these reasons, Plaintiff's proposed negligent misrepresentation claim would be

subject to dismissal under Rule 12(b)(6), and, therefore, leave to amend should be denied.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to amend its Complaint to include

causes of action for fraud and negligent misrepresentation should be denied.

Dated: October 22, 2015
        New York, New York

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ Steven M. Bierman
    Steven M. Bierman
    sbierman@sidley.com
    Marissa Alter-Nelson
    malternelson@sidley.com
    SIDLEY AUSTIN LLP
    787 Seventh Avenue
    New York, New York 10019
    Telephone:  (212) 839-5300
    Facsimile:  (212) 839-5599

*Counsel for Defendants and Third-Party Plaintiffs*
*Cargill, Incorporated and Cargill Financial*
*Services International, Inc.*

13